**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-1770**

———————

CAROLINE B. REYNOLDS; ALISON W. REYNOLDS; PAIGE A. REYNOLDS, individually and as Administrator of the Estate of John Paul Reynolds,

Plaintiffs - Appellants,

v.

USAA LIFE INSURANCE COMPANY,

Defendant - Appellee.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:22-cv-00577-HFH)

———————

Argued:  May 7, 2024                          Decided:  May 31, 2024

———————

Before NIEMEYER and THACKER, Circuit Judges, and MOTZ, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ARGUED:**  Churchill G. Bowles, BOWLES AFFILIATES, PC, Richmond, Virginia, for Appellants.   Duncan Robert Becker, COZEN O'CONNOR P.C., Philadelphia, Pennsylvania, for Appellee.  **ON BRIEF:**  Paul McCourt Curley, SIX EAST LAW GROUP, Richmond, Virginia, for Appellants.   Laura M. Zulick, Philadelphia, Pennsylvania, Chad E. Kurtz, COZEN O'CONNOR P.C., Washington, D.C., for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paige, Caroline, and Alison Reynolds (collectively, "Appellants") appeal the district court's order granting summary judgment to USAA Life Insurance Company ("USAA") on their breach of contract claim.  Because the life insurance contract was validly canceled at the time of the insured's death and the grace period does not apply, we affirm.

I.

Appellants' breach of contract claim arises out of USAA's life insurance policy with John Paul Reynolds ("J.P.").  J.P. was married to Paige, and they had two daughters: Caroline and Alison.  On November 4, 2010, USAA issued a $1,000,000 twenty-year term life insurance policy to J.P.  J.P. initially listed Paige as the policy's beneficiary. J.P. opted to pay his policy premium monthly, and for USAA to automatically draft his monthly premium from his bank account.  Because the policy measured monthly premium due dates from the effective date, November 4, 2010, J.P.'s premium was automatically drafted on the 4th of each month.  The policy also contained a 31-day grace period provision, which would go into effect if J.P. failed to pay his monthly premium by the 4th of the month.  J.P. maintained the policy for nearly ten years.  The only change that J.P. made to the policy was in 2018, when he changed the beneficiary from Paige to his daughters after he and Paige divorced.

3

On August 3, 2020, J.P. called USAA. The telephone conversation was recorded. J.P. began by stating that he wanted "to cancel [his] Term Life Insurance." J.A. 290.* When the customer service representative, Velma Rodriguez, offered to explore less expensive coverage options and transfer his call to an agent who could reduce his policy coverage, J.P. said he wanted to "skip that" and "just cancel it." J.A. 292. Rodriguez clarified that J.P. wanted to "just go ahead and cancel[.]" J.A. 292. J.P. responded, "Yeah . . . so I just don't need to pay [my monthly premium]." J.A. 292. Then, the following exchange occurred:

> [Rodriguez]: Yeah, okay, so, we can go ahead and cancel the policy, [J.P.]. It looks like you are currently paid through—uh—August the 4th, which is tomorrow, so what we can do is we can cancel it effective tomorrow. That'll stop the automatic payment, so we won't be drafting that payment tomorrow.
>
> [J.P.]: Perfect.
>
> [Rodriguez]: Okay, looks like it was perfect timing whether you were going to reduce it or cancel it, it would have happened tomorrow[.] Alright, and so we'll cancel it.

J.A. 292. Rodriguez then canceled the policy over the phone, effective August 4. USAA sent J.P. a letter confirming that the policy had been canceled and that his premium payments would no longer be drafted from his bank account. J.P. died two weeks later, on August 17, 2020.

---

 * Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

4

After J.P.'s death, Appellants sought the policy benefits from USAA, but USAA explained that because J.P. terminated the policy, no benefits were payable to them. Appellants then filed a complaint with the Virginia Bureau of Insurance, who declined to direct USAA to pay the policy's proceeds because the policy was canceled at the time of J.P.'s death. Finally, Appellants sued USAA in Virginia state court, alleging breach of contract, negligence, constructive fraud and fraudulent inducement, and unjust enrichment. USAA removed the case to federal court on diversity grounds. Then, the district court granted USAA's partial motion to dismiss, dismissing Appellants' negligence, constructive fraud and fraudulent inducement, and unjust enrichment claims, leaving only Appellants' breach of contract claim.

Following discovery, the parties filed cross motions for summary judgment. Appellants argued that J.P.'s oral cancellation during his phone call with USAA was invalid because it was not supported by adequate consideration and because by the time J.P. called to cancel, the policy had entered its grace period. USAA countered that J.P.'s cancellation was a valid contract, supported by adequate consideration, and J.P.'s policy had not entered a grace period when J.P. called. The district court granted summary judgment to USAA for the reasons articulated by USAA.

This timely appeal followed.

II.

We review a district court's grant of summary judgment de novo. *Bhattacharya v. Murray*, 93 F.4th 675, 686 (4th Cir. 2024).

5

III.

On appeal, Appellants reiterate the arguments they made before the district court: that J.P.'s cancellation was not supported by adequate consideration and that J.P.'s policy was in a grace period when he called. And therefore, in Appellants' view, J.P.'s policy was still in effect when he died, entitling Appellants to the policy's proceeds.

At oral argument, counsel for Appellants highlighted that "precision is crucial." Oral Argument at 32:24–26, *Caroline Reynolds v. USAA Life Ins. Co.*, No. 23-1770 (4th Cir. May 7, 2024), https://www.ca4.uscourts.gov/oral-argument/listen-to-oral-arguments. We agree. J.P. was precise and quite clear when he called USAA. J.P. made clear that he wanted to cancel his life insurance policy. Indeed, in the span of the recorded telephone conversation, J.P. indicated no less than four times that he wanted to cancel the policy. J.A. 290 ("I would like to cancel my Term Life Insurance."); *id.* at 292 ("[L]et's skip [modifying the policy]—let's just cancel it."); *id.* (responding "Yeah" to "You wanna just go ahead and cancel?"); *id.* (responding "[p]erfect" to Rodriguez explaining that USAA would cancel the policy effective August 4th, which would "stop the automatic payment"). And USAA agreed to cancel the policy. By canceling his policy, J.P. received the benefit of no longer paying his monthly premium and USAA received the benefit of no longer insuring J.P. This is sufficient consideration. *Sfreddo v. Sfreddo*, 720 S.E.2d 145, 153 (Va. Ct. App. 2012) ("Virginia has long followed the 'peppercorn' theory of consideration under which even a peppercorn suffices as consideration."); *R.K. Chevrolet, Inc. v. Hayden*, 480 S.E.2d 477, 480 (Va. 1997) (explaining that even a "slight advantage" or a "trifling inconvenience" is sufficient consideration).

6

Like the district court, we reject Appellants' argument that the grace period had already begun when J.P. called USAA on August 3 to cancel the policy. J.P.'s policy would have entered a grace period only if J.P. missed his August 4th payment. That did not happen. Instead, J.P. called and canceled the policy the day before payment was due. J.A. 292 (explaining that USAA would "cancel [the policy] effective tomorrow," August 4, which would "stop the automatic payment").

Thus, J.P.'s oral cancellation was a valid contract, supported by sufficient consideration, and the policy's grace period does not apply. The district court properly concluded that Appellants' breach of contract claim failed as a matter of law.

## IV.

Therefore, the district court's order granting summary judgment to USAA is

*AFFIRMED*.